UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NADINE GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-cv-04016 |
| | ) |
| QUAD CITY HOTEL, L.L.C., | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff Nadine Gay alleges that Defendant Quad City Hotel, L.L.C. ("the Hotel") discriminated against her based upon her race and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Gay also alleges that the Hotel harmed her through an intentional infliction of emotional distress. This matter is now before the Court on the Hotel's motion to dismiss. Mot. to Dismiss, ECF No. 6. The Court will treat the Hotel's motion regarding Counts I - VI as a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure because a critical matter outside the pleadings has been raised. The Court reserves ruling on the motion to dismiss Count VII (intentional infliction of emotional distress).

**BACKGROUND**

Gay filed her complaint with the Equal Employment Opportunity Commission ("EEOC") on November 22, 2011. ECF No. 7-1. On September 11, 2012, the EEOC dismissed Gay's claim and sent her a notice of her right to sue the Hotel "within 90 days of [her] receipt" of the notice. ECF No. 7-2. On January 9, 2013, 120 days later, Gay filed her complaint in Illinois State Court. ECF No. 1-1.

1

After removing the case to federal court, the Hotel promptly filed the motion to dismiss that is now in question. Mot. to Dismiss, ECF No. 6. The Hotel argues that the Title VII and ADA claims contained in Counts I - VI of Gay's complaint should be dismissed because Gay failed to file her lawsuit within the ninety-day deadline prescribed by 42 U.S.C. § 2000e-5(f)(1). *Id.* Additionally, the Hotel argues that Count VII of Gay's complaint should be dismissed for failure to state a claim under the pleading standard established by *Twombly* and *Iqbal*.

Gay responded to the Hotel's motion with an affidavit from Gay's attorney. Aff. in Opp. re Mot. to Dismiss, ECF No. 11. In the affidavit, Gay's attorney swears that he did not receive the right to sue notice until October 9, 2012. *Id.* Gay claims this makes her filing the complaint on January 9, 2013, timely.

## DISCUSSION

In an employment discrimination action, a claimant is required to file a lawsuit against an employer within ninety days of receiving notice of their right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1) ("If the charge filed with the Commission . . . is dismissed . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . ."). In the Seventh Circuit, a claimant is presumed to receive notice five days after notice is mailed from an administrative agency like the EEOC. *See Loyd v. Sullivan*, 882 F.2d 218, 218 (7th Cir. 1989); *Scott v. Coca Cola Enters., Inc.*, No. 2:05-CV-41, 2005 WL 1661808 at *4 (N.D. Ind. 2005). The five-day presumption of receipt is, however, rebutted if the evidence shows when the notice was actually received. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (quoting *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984)).

Motions to dismiss are to be determined solely on the information contained in the pleadings. *See* Fed. R. Civ. P. 12(b). Gay's response to the Hotel's motion to dismiss contains an affidavit that states that Gay's attorney received the notice of right to sue from the EEOC on October 9, 2012. ECF No. 11. Because the Court wishes to consider this affidavit in order to resolve the motion to dismiss, and the affidavit is a matter outside of the pleadings, the Court must convert the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 719 (7th Cir. 1993) (holding that an affidavit considered by a trial court during a motion to dismiss converts a motion to dismiss to a motion for summary judgment).

As the facts currently stand, Gay has conceded that her lawsuit was untimely filed in violation of 42 U.S.C. § 2000e-5(f)(1). Gay's attorney swears that he received actual notice on October 9, 2012. The time between October 9, 2012 and January 9, 2013 (the date Gay's lawsuit was filed) is ninety-two days, not ninety.[1] This deadline is strict and leaves the Court no leeway to grant slight exceptions. *See Guy v. Robbins & Myers, Inc.*, 429 U.S. 229, 239-40 (1976) ("Congress has already spoken with respect to what it considers acceptable delay when it established a 90-day limitations period . . . Congress did not leave to courts the decision as to which delays might or might not be "slight.""); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (holding that the filing of a Title VII lawsuit ninety-two days after receipt of receiving actual notice of right to sue was "untimely").

Pursuant to Rule 12(d), this order is only a notice to the parties that the Court intends to treat the Hotel's motion to dismiss as a motion for summary judgment. Gay has twenty-one days

---

[1] While neither party has raised this fact, since this motion is now a motion for summary judgment, the Court may "grant the motion on grounds not raised by a party." Fed. R. Civ. P. 56(f)(2).

to respond to this order and either withdraw Counts I - VI or explain to the Court why there is a genuine issue of material fact regarding the timeliness of this lawsuit and the Hotel is not entitled to judgment as a matter of law.

## CONCLUSION

For the reasons described above, the Court converts the Hotel's motion to dismiss, ECF No. 6, to a motion for summary judgment for Counts I - VI of Gay's complaint.  Gay has twenty-one days to respond to the motion for summary judgment.  The Court reserves ruling on the motion to dismiss Count VII (intentional infliction of emotional distress).  To the extent that the parties wish to conduct discovery concerning the issues raised in the motion for summary judgment, the parties must file a motion requesting the desired discovery.

Entered this 30th day of July, 2013.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE